IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HECTOR SANDOVAL | § | |
| v. | § | CIVIL ACTION NO. 6:07cv512 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Hector Sandoval, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sandoval was convicted of sexually assaulting his wife Lidya on April 22, 2005, receiving a sentence of 20 years in prison. He pleaded guilty to the sexual assault and was granted deferred adjudication probation on March 7, 2005, but on March 24, the State filed a motion to revoke this probation, alleging that on March 15, Sandoval had made a terroristic threat against his probation officer, David Wood.[1] Sandoval's probation was revoked on April 22 and he received the 20-year sentence.

---

[1] The evidence showed that Wood questioned Sandoval about the veracity of some documents, and Sandoval began to speak louder, mutter under his breath, walk around the room, and dig in his backpack. As he exited the office, Sandoval said to Wood "I noticed something today, you have no security. Somebody could do something like what happened at the courthouse the other day." Wood asked what Sandoval meant by that, and Sandoval replied "well, not me, I'm a good person. I wouldn't do something like that. But it could happen."

1

Sandoval filed an appeal, arguing that the trial court lacked sufficient evidence to revoke his probation and adjudicate him guilty, but the appeal was dismissed by the Court of Appeals for want of jurisdiction on May 26, 2006. Sandoval sought discretionary review, which was denied as untimely on September 20, 2006.

On June 28, 2007, Sandoval filed a state habeas corpus petition, which was denied on September 26, 2007, without written order on the findings of the trial court without a hearing. Sandoval then sought federal habeas corpus relief.

In his federal petition, Sandoval raises claims concerning the original proceeding, in which he received deferred adjudication probation, as well as a claim concerning the adjudication of guilt proceeding. The Magistrate Judge ordered the Respondent to answer the petition, and Sandoval filed a response to the answer. The Magistrate Judge also received copies of the state court records.

After review of the pleadings and records, the Magistrate Judge issued a Report on August 6, 2008, recommending that the petition be dismissed. The Magistrate Judge concluded that the statute of limitations had expired on Sandoval's claims which related to the original proceeding, and that Sandoval's claim concerning the adjudication-of-guilt proceeding, which was that there was no evidence to support the revocation of his probation, lacked merit. Sandoval filed objections to the Magistrate Judge's Report on August 20, 2008.

In his objections, Sandoval says first that a state-created impediment prevented him from timely seeking a petition for discretionary review, and so the Magistrate Judge should not have determined that the limitations period had expired on his claims concerning the original proceeding. Specifically, he says, the prison law library prevented him from mailing his petition for discretionary review in a timely manner. Alternatively, Sandoval contends that the limitations period should be equitably tolled for this reason.

This objection is without merit. The petition for discretionary review which Sandoval filed related to his appeal of the adjudication-of-guilt proceeding; he did not take an appeal of the original proceeding, and under Texas law, these must be done separately, because an appeal of the original

2

proceeding, taken after the revocation, is untimely. Manuel v. State, 994 S.W.2d 658, 660 (Tex.Crim.App. 1999). Thus, any delays in his petition for discretionary review would only have affected the claims concerning the adjudication-of-guilt proceeding, which claims the Magistrate Judge properly found were not barred by limitations. In other words, Sandoval has not shown how any delays of the filing of his petition for discretionary review, which concerned his appeal of the adjudication-of-guilt proceeding, could have affected the limitations period pertaining to the original proceeding. Consequently, Sandoval's claim on this point is without merit.

Sandoval argued that there was no evidence to support the revocation of his deferred adjudication probation, as shown by the fact that the criminal charge of terroristic threats was dropped. He stated that it is "legally and constitutionally questionable" how one judge could dismiss the charge while another judge found the charge sufficient to revoke his deferred adjudication and impose a 20-year sentence.

The Magistrate Judge observed that in fact, no contradiction existed, because probation may be revoked upon proof *by a preponderance of the evidence* that a term of the probation has been violated, while a criminal conviction requires proof *beyond a reasonable doubt*. The preponderance of the evidence standard is a lower standard than proof beyond a reasonable doubt, and so if the State offers evidence which does not show guilt beyond a reasonable doubt, but the greater weight of which creates a reasonable belief that a condition of probation has been violated, then the defendant's probation may be revoked even if he was or would have been acquitted in a criminal proceeding. Hence, the Magistrate Judge reasoned, the fact that the terroristic threat charge was subsequently dismissed does not show that the revocation of the probation was improper.

The Magistrate Judge also stated that the evidence offered in the adjudication-of-guilt proceeding was sufficient to support the finding that Sandoval had violated a term of his probation. This evidence took the form of Wood's testimony, in which the officer said that Sandoval's remarks, which made specific reference to a recent shooting at the Tyler courthouse, placed him in imminent fear of serious bodily injury or death.

In his objections, Sandoval argues that he never made a direct threat, but simply pointed out the lack of security at the courthouse because he was surprised that there was no security at the probation department building. He states that he specifically told Woods that he would not "do something like that," and says that Woods' testimony is not substantiated by any other evidence.

As the Magistrate Judge said, in examining the sufficiency of the evidence in criminal cases, the federal habeas court's review is limited to determining whether, based upon the record evidence adduced at trial, viewed in the light most favorable to the verdict, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Lucas v. Johnson, 132 F.3d 1069, 1078 (5th Cir. 1998), citing Jackson v. Virginia, 443 U.S. 307, 324 (1979). The Fifth Circuit has indicated in dicta that this standard also applies to parole revocation proceedings. Parrish v. Wainwright, 614 F.2d 1028, 1029 (5th Cir. 1980). In probation revocation proceedings, by contrast, because of the lower evidentiary standard required, the courts have held that the decision to adjudicate guilt comports with the Due Process Clause unless the decision is "totally devoid of evidentiary support." Player v. Quarterman, civil action no. 3:05cv2119 (N.D.Tex., September 11, 2006) (unpublished) (available on WESTLAW at 2006 WL 2601678), citing Douglas v. Buder, 412 U.S. 430, 432 (1973).

In this case, it is plain that the decision to revoke Sandoval's probation was not "totally devoid of evidentiary support," nor does it appear that no rational trier of fact could have determined by a preponderance of the evidence that Sandoval had violated a term of his probation. Wood's testimony constitutes sufficient evidence to meet this standard. Although Sandoval argues that his testimony is evidence to the contrary, this Court cannot conduct a *de novo* factual review of the proceeding, but is limited to applying the narrow legal standards set out above. Under these standards, sufficient evidence existed to support the trial court's determination, and Sandoval's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other

4

pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Hector Sandoval is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of September, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE